### MULHOLLAN vs. JOHNSON.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff states that he is the owner, and as such was possessed of a negro woman and her four children; whom he bought at the sale of the estate of the late M. Martin, and the defendant has taken and refuses to deliver them back.

A defendant who appears not to have been ignorant of his want of title, may be decreed to pay wages, even before the demand.

The defendant pleaded the general issue, and that the late G. B. Curtis, whose executor he is, was at his death, in quiet and peaceable possession of said slaves, as owner, having pur-

West'n District chased them at the sale of the estate of the
Sept. 1823. late J. M. Martin, through the plaintiff's agen-
MULHOLLAN cy. He prayed the plaintiff might be decreed
vs.
JOHNSON. to convey them to him, and to be quieted in
his possession, and have his costs, &c.

There was judgment for the plaintiff and
the defendant appealed.

The statement of facts shew that,

The plaintiff introduced the process verbal
of the sale.

R. Martin deposed, that the plaintiff has
paid him the price of the slaves. Two of them
are worth $12 per month, each. They were
received by Curtis a few days after the sale,
and have remained in his possession ever
since. Curtis had a claim against Martin's es-
tate, and it was agreed that whatever might
come to him, after the classification, would be
taken in payment of the negroes. Curtis was
ever anxious to give up the negroes to the
plaintiff, if he would satisfy the conditions of
the sale. The witness, as agent of the estate,
was paid by the plaintiff. He would not have
received Curtis' claim, at one third of its
amount, in consequence of the insolvency of
the estate.

The parish judge deposed, Curtis bid off

West'n District
*Sept.* 1823.

MULHOLLAN
*vs.*
JOHNSON.

the negroes, but they were by his direction, entered on the process verbal, as the purchase of the plaintiff. At this time Curtis was about making a conveyance of all his negroes to the plaintiff. He was applied to, on that day, to make it, and it was made ; but whether on that or a subsequent day, he cannot tell. He understood from the plaintiff, the negroes were not paid for by Curtis, but that the plaintiff would have to pay for them—that they were purchased by Curtis, but the plaintiff would have to keep and pay for them. The plaintiff expressed his wish that the defendant, as executor of Curtis, would pay for and keep them, and the latter failing so to do, the plaintiff paid for them. This was understood from him.

It was admitted, that after the sale, the slaves were received by Curtis, and ever after kept by him.

Muncey deposed, that at the sale of Martin's estate, a family of negroes were put up, whom he believes to be those claimed, and he understood, he believes, from a conversation between Curtis and the plaintiff, that the latter being unwilling to be surety, Curtis desired that the plaintiff might be set down as purcha-

MULHOLLAN
    *vs.*
JOHNSON.

ser, and he (Curtis) as surety.    Curtis said he
had a claim against the estate, and wished to
have something to hold on; it might be a long
time settling.    Of all the facts, except the last,
he has but a very imperfect idea or recollec-
tion.

The plaintiff has shewn a clear, legal title,
and proved the payment of the price; the de-
fendant has certainly no equitable one.    He
has only the naked possession.    This appears
to be an attempt to compel the plaintiff to
stand as surety in a contract, in which he posi-
tively refused to enter, except as a principal.

It is urged that the court erred in allowing
the plaintiff wages before the legal demand.
It is true the defendant was not, till then, a tor-
tious, or dishonest possessor; but the testator,
when he received these slaves, knew they
were not his own, and that he could not apply
to his own use, the profits of their labor, with-
out enriching himself to the injury of another,
unless he made them his own, by complying
with the contract.    His estate is, consequently,
chargeable.

It is therefore ordered, adjudged and de-

creed, that the judgment be affirmed with costs.

*Thomas* for the plaintiff, *Johnston* for the defendant.